maintenance payments and quashed an execution and garnishment, concluding that the former wife's acquiescence in the reduced payments amounted to an accord and satisfaction. *Id.* at 748. We pointed out there can be no accord and satisfaction of a judgment that will accrue in the future, and, after a lengthy discussion of the defense of waiver by acquiescence, we held there was no waiver by acquiescence on the facts of that case. *Id.* at 751.

The case now before us involves neither an accord and satisfaction nor a waiver by acquiescence. Here we have an express agreement to change the method of payment and not to reduce the amount of the payments. Father did not have an obligation to provide for the medical care of the children and Jason's education; however, mother agreed to allow father to make the tuition and health insurance payments directly and be credited for them against the portion of his child support obligation that exceeded the semi-monthly $240.00 payments. This is permitted by the authorities cited above.

The trial court's ruling on the motion to quash was correct.

Judgment affirmed.[3]

SMITH, P.J., and DOWD, J., concur.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was originally charged with rape and sodomy. Movant entered an Alford plea on the sodomy charge, and the State dismissed the rape charge. Movant was sentenced to ten years' imprisonment.

Movant claims the trial court erred in not granting him an evidentiary hearing on his allegations his trial attorney was ineffective for failing to adequately investigate the case and discover the victim had a drug and alcohol problem, and his plea was not knowingly and voluntarily entered.

Movant's contentions are refuted by the record. *Robinson v. State*, 728 S.W.2d 561 (Mo.App.1987). The judgment of the Rule 27.26 court is not clearly erroneous. No error of law appears, and an extended opinion would have no precedential value.

Judgment affirmed under Rule 84.16(b).

SATZ, P.J., and KELLY, J., concur.

Joseph W. BURTON, Sr., Appellant,

v.

STATE of Missouri, Respondent.

No. 52294.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 25, 1987.

Lindell P. Dunivan, Farmington, for appellant.

NASH PRAYER BAND MISSION, INC.,
et al., Appellants,

v.

NASH PRAYER BAND MISSION, INC.,
et al., Respondents.

No. 52308.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 25, 1987.

3. Father's motion to dismiss the appeal is denied.